**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN THOMAS COOPER, JR.; JONATHAN McLANE, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CITY OF TUCSON; FRED GRAY, JR.; KELLY GOTTSCHALK; RICHARD MIRANDA, <br><br> Defendants - Appellants. | No. 15-15092 <br><br> DC No. 4:12 cv-0208 DCB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, Senior District Judge, Presiding

Argued and Submitted August 11, 2015
San Francisco, California

Before:     REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

The City of Tucson ("City") and three City employees appeal from the

district court's order granting Plaintiffs a preliminary injunction.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

jurisdiction under 28 U.S.C. § 1292(a)(1), and we vacate the injunction and remand for further proceedings.

Plaintiffs, two homeless Arizona residents, are members of the Occupy Movement who "occupy" the public sidewalk to the east of the Veinte De Agosto Park ("VDA sidewalk") in downtown Tucson. Plaintiffs brought an action under 42 U.S.C. § 1983, alleging that the City arrested them and seized their property despite their compliance with Tucson City Code ("TCC") § 11-36.2. Section 11-36.2 prohibits a person from sitting or lying on the sidewalk unless the individual is engaged in First Amendment activities, leaves open a five-foot unobstructed path, and remains at least eight feet from any doorway or business entrance.

In response, the City argues that Plaintiffs violated two other ordinances, TCC §§ 16-35 and 25-51, which impose a blanket prohibition on the obstruction of public sidewalks with any object or thing. Notably, these ordinances do not define "obstruction." To fill this gap, the City adopted the 3-B Policy. The 3-B Policy permits individuals exercising their First Amendment rights to have with them on the sidewalk three "B"s – a bedroll, backpack, and non-alcoholic beverage; any item exceeding these three "B"s is effectively construed as an obstruction in violation of §§ 16-35 and 25-51.

In December 2014, the district court issued a preliminary injunction enjoining the City from:

1. Applying the 3-B Policy as a basis for an arrest, physical or by citation, or to threaten arrest on the basis of the 3-B Policy.
2. Applying the 3-B policy as a basis for seizing or threatening to seize personal property.
3. Applying the 3-B Policy to define obstruction; obstruction shall be defined in accordance with TCC § 11-36.2 which allows the free exercise of First Amendment rights, including free exercise of religion, speech and assembly; provided, however, that the person sitting or lying on the public sidewalk remains at least eight (8) feet from any doorway or business entrance, leaves open a five (5) foot path and does not otherwise block or impede pedestrian traffic.
4. Seizing any personal property that in good-faith does not appear to be abandoned.

. . . .

The injunction thus rejected the City's use of the 3-B Policy to define "obstruction" in §§ 16-35 and 25-51 in favor of § 11-36.2's First Amendment exception.

In February 2016, in response to our order to show cause, the parties informed this Court that the City had amended the TCC ordinances. These amendments, effective January 8, 2016, expressly disclaim the applicability of TCC § 11-36.2's First Amendment exception to §§ 16-35 and 25-5. Additionally, §§ 16-35 and 25-5, as amended, now define "obstruction." Between 7 a.m. and 10 p.m., the ordinances maintain the pre-amendment blanket ban: any item placed on

3

the sidewalk is deemed an obstruction in violation of the ordinance. Between 10

p.m. and 7 a.m., an item is an obstruction *unless*:

1. The item(s) or object(s) are, in aggregate, four (4) cubic feet or smaller; and
2. The item or object is personally attended by its owner; and
3. The item or object is not affixed in any manner; and
4. The item or object is placed at least five feet (5') back from the edge of the sidewalk that is adjacent to the street, and
5. Where the sidewalk is wider than eight feet (8'), the item or object is placed only within the three feet (3') of width of the portion of the sidewalk that is furthest back from the adjacent street.

Plaintiffs also disclosed to the Court that their presence on the VDA

sidewalk had recently decreased or temporarily ceased. Nevertheless, they assert

that they continue to have a concrete interest in occupying the public sidewalk and

intend to resume occupation within the next three months. The City does not

refute Plaintiffs' assertions.

In light of the amended ordinances,[1] the preliminary injunction is no longer

responsive to either the laws governing individuals and items on Tucson's public

sidewalks or the City's enforcement of those laws. Accordingly, we vacate the

preliminary injunction. Because Plaintiffs intend to continue occupying the VDA

---

[1] Because no change has been made with respect to any ordinance regarding the seizure of abandoned property, this disposition does not preclude the district court from reinstating section 4 of the preliminary injunction, should it deem such reinstatement appropriate in the present circumstances.

sidewalk, however, we remand to the district court to determine whether a revised preliminary injunction is appropriate, in view of the amended ordinances. *See A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (explaining that a district court has inherent authority to modify a preliminary injunction based on changed circumstances or new facts); *see also Smith v. Obama*, No. 14-35555, 2016 WL 1127087, *1 (9th Cir. Mar. 22, 2016) (remanding certain claims "for the district court to determine whether they are moot and, if they are not, for the district court to resolve them in light of the intervening change in the law").

Each party shall bear its or his own costs on appeal.

**VACATED and REMANDED.**